IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOSEPH F. GUTHRIE, et. al.,

    Plaintiffs,

v.                              Civil Action No. 3:07cv479

ANTHONY E. FLANAGAN,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the Defendant's Motion to Dismiss For Lack of Personal Jurisdiction (Docket No. 5). The Guthries filed this action, alleging that Flanagan committed legal malpractice, breach of contract, and breach of fiduciary duty. Flanagan asserts that he is not subject to the jurisdiction of this Court. In opposition, the Guthries assert that Flanagan waived his right to object to personal jurisdiction and has sufficient contacts with Virginia to subject him to this Court's jurisdiction. For the reasons set forth below, Flanagan's motion is denied.

## BACKGROUND

The Guthries, residents of Virginia, retained Flanagan, a North Carolina attorney, in the spring of 2003 to represent them in an action brought against them in the

Superior Court of Wake County, North Carolina. During the course of this representation, Flanagan failed timely to file an answer in the North Carolina action, resulting in a default judgment being entered against the Guthries. After the default judgment was entered, the Plaintiffs in the North Carolina action docketed the judgment in Virginia and commenced enforcement proceedings in Virginia courts. The actions of Flanagan in causing such default judgment to be entered and his succeeding failures either to remedy the situation or to make full disclosure to the Guthries are the basis for the suit.

In representing the Guthries, Flanagan regularly corresponded telephonically and in writing with the Guthries as well as with Virginia counsel. Parties related to the North Carolina Plaintiffs had brought suit against the Guthries in Virginia. Although Flanagan was charged with representing the Guthries' interests in North Carolina, he was aware of pending Virginia suits and the need to coordinate with Virginia counsel. Guthrie also traveled to Virginia several times during the course of the representation, including making two trips to defend depositions. The Guthries paid Flanagan in excess of $13,278 for his services.

The Guthries were originally referred to Flanagan by another North Carolina attorney in connection with an earlier North Carolina state court action. Flanagan is not licensed to practice law in Virginia, does not maintain a Virginia office, and does not advertise or solicit clients in Virginia. He has previously represented Virginians in other cases, appeared as counsel in this Court in another matter, and appeared before the Fourth Circuit in Richmond.

The instant action was originally filed in the Circuit Court for the City of Richmond in August 2005. Flanagan removed the case to this Court in September 2005. After removal, he filed an answer and third-party complaint as well as a motion to dismiss Plaintiffs' claims for lack of jurisdiction. The parties agreed to a Stipulation of Dismissal in October 2005. The Guthries then re-filed the case in the Circuit Court for the City of Richmond on March 7, 2007 and served Flanagan on July 26, 2007. Flanagan filed a Notice of Removal to this Court on August 15, 2007. Flanagan then filed his answer on September 4, 2007, His answer, filed on September 4, 2007, was late,[1] but asserted the defense of lack of personal jurisdiction. Flanagan

---

[1] The Federal Rules require that an answer be filed within 20 days of service of the original complaint or within 5 days after filing the notice of removal, whichever is longest. Fed. R. Civ. Pro. 81(c).

subsequently filed two motions to dismiss, the instant one on personal jurisdiction and another based on the alleged expiration of the statute of limitations.[2]

The Guthries argue that Flanagan waived any objection to personal jurisdiction by entering a general appearance through filing his substantive motion on the statute of limitations. The Guthries also argue that Flanagan's late answer should have been accompanied by a motion for enlargement of time, which would have constituted waiver. Finally, the Guthries assert that Flanagan has sufficient contacts with Virginia to satisfy the dictates of due process. Guthrie opposes all of these claims.

## DISCUSSION

### A. The Basic Law of Personal Jurisdiction

Once a defendant has challenged the existence of personal jurisdiction, the plaintiff bears the burden of demonstrating jurisdiction. Mylan Labs, Inc. v. Akzo, N.V., 2 F.3d 56, 59-60 (4th Cir. 1993). But where, as here, the court addresses the question on the basis only of motion papers, supporting legal memoranda, and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima face showing of a sufficient

---

[2] Defendant's Motion to Dismiss Claims Beyond the Statutes of Limitations will be addressed in another opinion.

jurisdictional basis to survive the challenge. <u>New Wellington Fin. Corp. v. Flagship Resort Dev. Co.</u>, 416 F.3d 290, 294 (4th Cir. 2005) (citations and quotations omitted). Under such circumstances, courts must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction. <u>Id.</u> (citations and quotations omitted).

In order for a court to exercise personal jurisdiction over a defendant, the exercise of that jurisdiction must both be authorized by state law and comport with the Due Process Clause of the Fourteenth Amendment. <u>Id</u>. The exercise of jurisdiction in Virginia is governed by the state's long-arm statute (Va. Code § 8.01-328.1), which has been held to extend personal jurisdiction to the full extent permitted by due process. <u>Id.</u>; <u>Roche v. Worldwide Media, Inc.</u>, 90 F. Supp. 2d 714, 716 (E.D. Va. 2000).

Many courts have traditionally considered Virginia's long-arm statute to be co-extensive with the strictures of due process, collapsing the two-part analysis into one inquiry. <u>See</u> <u>Reynolds Metals Co. v. FMALI, Inc.</u>, 862 F. Supp. 1496, 1498 (E.D. Va. 1994) (citing <u>Peanut Corp. of America v. Hollywood Brands, Inc.</u>, 696 F.2d 311, 313 (4th Cir. 1981)). However, recent cases within the Fourth

5

Circuit have insisted that contacts which satisfy due process will not necessarily meet Virginia's requirements. Wellington, 416 F.3d at 294 n.6 (citations and quotations omitted).

In this case, the Guthries cite Va. Code 801-328.1(A)(1) (cause of action arising from transacting any business in this Commonwealth), (A)(3) (cause of action arising from a person causing tortuous injury by an act or omission in this Commonwealth), and (A)(4) (causing tortuous injury in the Commonwealth by an act or omission outside this Commonwealth if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth) as possible sources of jurisdiction under state law. Given the type and nature of the contacts alleged, satisfaction of the requirements of due process will satisfy at least one of these provisions.

B.  **Possible Waiver of Personal Jurisdiction**

The requirement of personal jurisdiction can be waived by appearance or failure to make a timely objection. Ins. Corp. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982). Waiver is clearly made where a defendant makes an appearance before a court to deny allegations of a

6

complaint, but fails to make personal jurisdiction objections at that time. Foster v. Arletty 3 Sarl, 278 F.3d 409, 414 (4th Cir. 2002). Waiver can also be made where conduct in litigation demonstrates consent to a court's jurisdiction, even where a party has made a timely objection. See, e.g., Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993) (finding waiver where defendants had actively participated in litigating merits of lawsuit for two and a half years despite pleading defense in their answer).

Flanagan made timely objection to personal jurisdiction. He asserted lack of personal jurisdiction in his answer (Def.'s Ans. at 5, ¶ 1) and filed a separate Motion to Dismiss for Lack of Personal Jurisdiction at the same time that he filed his substantive Motion to Dismiss. See Mattel, Inc. v. Barbie-Club.com, 310 F.3d 293, 307 (2d Cir. 2002) ("This Court has observed that, to preserve the defense of lack of personal jurisdiction, a defendant need only state the defense in its first responsive filing and need not articulate the defense with any rigorous degree of specificity."). Flanagan also preserved his objection in the earlier proceeding by similarly making timely objection after removal.

The Guthries' arguments on waiver fail. First, their argument that Flanagan accomplished waiver through making a general appearance has no traction because Fed. R. Civ. P. 12 abolished the distinction between general and special appearances. See 61A Am. Jur. 2d Pleading § 390 (2007). The Guthries' second argument, that Flanagan constructively waived objection to jurisdiction by filing a late answer that should have been accompanied by a motion for a time extension, cannot be sustained where Flanagan made no such motion.

While the Guthries had the opportunity to make a motion to strike Flanagan's late answer or to move for default judgment while Flanagan's answer was yet outstanding, their failure to do so does not permit the implication that Flanagan filed a motion that would support the finding of a jurisdictional waiver. Before filing his answer or motion to dismiss, both of which asserted his objection to personal jurisdiction, Flanagan made no appearance in court that might constitute waiver. Compare Mobil Oil Co. de Venezuela v. Jimenez, 948 F.2d 1282 (Table) *3-4 (4th Cir. 1991) (finding that the defendant's filings in state court prior to removal, including a motion for leave to file a late answer/response, constituted waiver of objection to personal jurisdiction).

As indicated above, Flanagan hypothetically could have consented to personal jurisdiction through some other means despite making timely objection in this proceeding. At this stage in the proceedings, it does not appear that Flanagan's conduct demonstrates consent to this Court's jurisdiction because he has asserted his objection to personal jurisdiction at every step of the proceedings. Without any other basis for finding waiver, the Court therefore declines to find that Flanagan waived his objections to personal jurisdiction.

C.  **Due Process Standard**

The requirements of the due process clause can be met through establishing either specific or general jurisdiction. Specific jurisdiction exists where the controversy at issue arises out of sufficient contacts with the state to make the exercise of jurisdiction reasonable. See Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414-15 (1984). Alternatively, general jurisdiction can exist, even where a claim does not arise from a defendant's interactions with the state, where he has sufficient continuous and systematic contacts with the state to satisfy due process. Id.

At oral argument, the Guthries claimed both general and specific jurisdiction. They relied on two cases, Bay

Tobacco and Ajax, for the proposition that some threshold percentage revenue in a state could constitute sufficient contacts for general jurisdiction. See Ajax Realty Corp. v. J.F. Zook, Inc., 493 F.2d 818 (4th Cir. 1972); Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC, 261 F. Supp. 2d 483 (E.D. Va. 2003). Neither case supports that argument.

First, Ajax dealt with jurisdiction in cases arising from a breach of warranty made in the sale of goods that meet certain specific conditions set forth in a provision of Virginia's long arm statute not applicable in the instant action. 493 F.2d at 821 (citing Va. Code. § 8-81.2(a)(5) (1964)). Ajax did not establish any clear rule equating threshold revenue with general jurisdiction, but merely found that due process was not violated by the exercise of jurisdiction over a defendant meeting Va. Code § 8.81.2(a)(5). 493 F.2d at 821-23.

Then, Bay Tobbaco, if at all applicable, serves only to undermine the Guthries' argument. In Bay Tobacco, the court found that one of the parties satisfied the requirements of subdivision (4) of the long arm statute,[3] including a requirement of "substantial revenue." 261 F. Supp. 2d at 494-96. Notwithstanding that determination, the court found

---

[3] Subdivision (4) is one of the long-arm provisions on which the Guthries rely in this action.

that party to have insufficient contacts with Virginia to satisfy due process and warrant the exercise of general *in personam* jurisdiction over it. Id. at 497. Bay Tobbaco unequivocally demonstrates that the satisfaction of a certain threshold of revenue is not sufficient, in itself, to establish a court's jurisdiction over a party.

Given that the majority of Flanagan's alleged contacts with Virginia arose out of his representation of the Guthries, which is the subject of this action, it is appropriate to undertake a specific jurisdiction analysis.

D. **Specific Jurisdiction Analysis**

In determining whether specific jurisdiction exists, a court looks to: (1) the extent to which the defendant has purposely availed himself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally "reasonable." New Wellington, 328 F.2d at 618.

Flanagan references a line of cases that find no personal jurisdiction in the state of a client's residence where an attorney was retained solely as local counsel in another state. See e.g., Cape v. von Maur, 932 F. Supp. 124 (D. Md. 1996) (finding no jurisdiction over lawyers residing

11

in Germany retained to render services in Germany on behalf of Maryland client); <u>Beiderman v. Schnader, Harrison, Siegal & Lewis</u>, 765 F. Supp. 1057 (D. Kan. 1991) (finding no personal jurisdiction where defendant attorney had visited and conducted depositions in Kansas, the client's state of residence, but where all pending litigation was taking place in either Pennsylvania or North Carolina); see also <u>Porter v. Berall</u>, 142 F. Supp. 2d 1145 (W.D. Mo. 2001) (finding no personal jurisdiction in malpractice action against Connecticut lawyers who were retained solely to provide Connecticut advice, and rejecting argument that jurisdiction could be based on predictability of effects of malpractice being felt in client's resident state).

The decisions on which Flanagan relies are best understood as standing for the principle that the sole basis for jurisdiction in a given state cannot be that it is the state of residence of the client. An attorney's role as local counsel in a foreign state might be a good proxy for such a situation. However, where an attorney has represented a client in proceedings in the state of the client's residence and furthermore understands that his representation of the client is undertaken as part of a multi-state defense strategy that includes the client's state of residence, that attorney cannot be considered

12

purely local counsel over whom personal jurisdiction cannot be asserted.

Where, as here, Flanagan represented the Guthries in a number of depositions in Virginia and, while representing them in North Carolina, coordinated that representation with the parallel litigation in Virginia courts, it is consistent with the dictates of due process for this Court to exercise personal jurisdiction over the Defendant. See Hirschkop & Grad, P.C., v. Robinson, 757 F.2d 1499, 1503 (4th Cir. 1985) (finding that Virginia court had jurisdiction in breach of contract case over California residents who had engaged Virginia lawyers and traveled to Virginia in the course of that engagement to meet with lawyers); English & Smith v. Metzger, 901 F.2d 36 (4th Cir. 1990) (affirming Virginia district court's exercise of jurisdiction in contract dispute where defendant attorney had initiated and maintained contractual relationship with plaintiff, Virginia attorney, although defendant did not even visit the state); Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 259 (11th Cir. 1996) ("The nature of the professional services rendered in this case was such that the defendants were fully aware that their actions or omissions would have a substantial effect in Florida."). Flanagan reasonably could have expected to be haled into court in Virginia for his

13

actions in representing the Guthries in the North Carolina proceedings.

## CONCLUSION

For the foregoing reasons, Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction (Docket No. 5) is DENIED. This Court finds that Flanagan adequately preserved his right to object to this Court's jurisdiction over him, but that he had sufficient contacts with the state of Virginia as part of his representation of the Guthries for this Court to exercise jurisdiction over him in the instant action.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November 27, 2007