IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JOSEPH F. GUTHRIE, et. al.,

    Plaintiffs,

v.                                Civil Action No. 3:07cv479

ANTHONY E. FLANAGAN,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on the Defendant's Motion to Dismiss Claims Beyond the Statutes of Limitations (Docket No. 7). Plaintiffs, the Guthries, filed this action in state court on March 7, 2007, alleging that Flanagan committed legal malpractice, breach of contract, and breach of fiduciary duty.[1] Flanagan asserts that, after a previous stipulated dismissal from federal court, the Guthries inappropriately refiled this action in state court, and that the statute of limitations has since expired for all claims. For the reasons set forth below, Flanagan's motion is denied.

---

[1] The Complaint does not allege separate counts for each cause of action, but rather lumps them together under a single heading stating all three causes of action.

## BACKGROUND

The events from which this lawsuit arose are discussed in the Memorandum Opinion (Docket No. 15) denying the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. The Guthries originally filed an action in the Circuit Court for the City of Richmond on or about August 8, 2005 (the "original action"). Shortly thereafter, Flanagan removed the original action to this Court. On October 28, 2005, the parties entered a Stipulation of Dismissal, whereby the original action was dismissed without prejudice. The Stipulation gave the Guthries until March 9, 2007 to refile their claims that were asserted in the original action.[2] The Guthries filed this action in the Circuit Court for the City of Richmond on March 7, 2007.

Flanagan has made a motion to dismiss based on the expiration of the statute of limitations. He argues that

---

[2] The relevant provision of the Stipulation of Dismissal reads:
> 4. The Parties hereby agree that all statutes of limitations and other time-related defenses, including but not limited to laches, shall be subject to the following terms:
> a. Plaintiffs shall have until March 9, 2007. . . to refile their claims of negligence, breach of contract, and breach of fiduciary duty against Defendant.

2

the personal injury claims -- negligence and breach of fiduciary duty -- are barred by a two year statute of limitations. See Va. Code. §§ 8.01-242, 8.01-248. Flanagan also asserts that because the refiled action was not refiled in this Court, the breach of contract claim is barred by the three year statute of limitations. See Va. Code. § 8.01-246.4. Without answering Flanagan's contention that some of the claims are subject to two year limitations, the Guthries argue that there was no venue limitation in the stipulation of dismissal upon which the parties mutually agreed and that, furthermore, the pendency of the original action tolled the statute of limitations.

The record, viewed in perspective of the applicable law, discloses that this action was timely filed within the original statute of limitations. Flanagan's argument that Virginia's venue limitation can abbreviate the time a Plaintiff has to refile a Complaint extends only to those Plaintiffs who seek to take advantage of tolling provisions created by state law. That argument is not relevant here because any tolling would derive from the Stipulation of Dismissal, not from state law. However, as explained below, this action was timely filed.

## DISCUSSION

### A. Applicable Statutes of Limitations

The statute of limitations for all claims is three years. Virginia courts consider actions for negligence of an attorney in the performance of professional services to be actions for breach of contract, and governed by the statute of limitations applicable to contracts rather than to personal injury. Oleyar v. Kerr, 217 Va. 88, 90 (Va. 1976). Since fiduciary duties of an attorney arise only out of the attorney-client relationship, created by contract, Virginia courts consider claims for breach of fiduciary duty in attorney malpractice cases also to be actions for breach of contract. O'Connell v. Bean, 556 S.E.2d 741, 743 (Va. 2002). The statute of limitations for breach of unwritten contract is three years. Va. Code. § 8.01-246.4. Thus, all of the Plaintiffs' claims are subject to a three year statute of limitations.

It is necessary to determine when the cause of action accrued. Where an attorney's alleged malpractice consists of a single, isolated act, the statute of limitations begins to run when that act is performed. See Keller v. Denny, 352 S.E.2d 327, 331 (Va. 1987). However, where there is a continuous or recurring course of professional services related to a particular undertaking, the breach

4

occurs when the attorney's services with respect to the particular undertaking or transaction have terminated. <u>Id.</u> at 330.

In this action, the accrual date conceptually could be considered either the date on which Flanagan failed to file the answer or the date on which he withdrew. However, because Flanagan continued to represent the Guthries and did not inform them immediately of the default judgment, this is a case of continuing representation for which August 5, 2004, the date Flanagan filed a motion to withdraw, is the date of termination of services and the date of accrual.

Three years from August 5, 2004 is August 5, 2007. The Guthries filed this action on March 7, 2007 and thus it was timely filed.

**B.   Effect of Filing in State Court**

Flanagan argues that the Guthries could only refile their Complaint in the same court from which it was dismissed, <u>i.e.</u>, this Court, and that their claims are now untimely because they filed in state court. Flanagan's venue argument is not applicable on this record, even if the original statute of limitations had run before the March 7, 2007 filing date (which, as explained above, it did not).

5

Flanagan relies upon the decision in <u>Yarber v. AllState Ins. Co.</u>, to make his claim. 674 F.2d 232 (4th Cir. 1982). In <u>Yarber</u>, the Fourth Circuit determined that, where a plaintiff wishes to take advantage of the six-month grace period for non-suits offered by Va. Code. § 8.01-229.E.3, she must abide by Va. Code. § 8.01-380.A and refile in the same court in which the action was non-suited. <u>Id.</u> at 236-37. Flanagan argues that application of <u>Yarber</u> means that, to be timely filed, an action must be refiled in the same court from which it was voluntarily dismissed. <u>Yarber</u> creates no such requirement. <u>Yarber</u> holds that to take advantage of a state's grant of leniency, one must abide by the state's conditions. <u>Yarber</u> does not otherwise abbreviate the statute of limitations for an action that is timely filed, even if Virginia's venue provisions require the suit to be transferred to another court. Furthermore, even if the Guthries needed to rely upon the tolling created by the Stipulation of Dismissal, that grace period was created by the parties, not by state law. The Stipulation of Dismissal was entered pursuant to Fed. R. Civ. Pro. 41. The Federal Rules neither offer automatic tolling upon dismissal nor require a specific venue upon re-filing.

6

## CONCLUSION

For the foregoing reasons, Flanagan's Motion to Dismiss Claims Beyond the Statute of Limitations (Docket No. 7) will be denied.

It is so ORDERED.

_____/s/_____  *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 10, 2007

7